UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFIYA A. KHALID,

    *Plaintiff*,

    CASE NO. 13-cv-11729

v.

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE CHARLES BINDER

SOCIAL SECURITY ADMINISTRATION;
MARCIA MOSLEY, *in her Official Capacity as the SSA Regional Commissioner*;
MRS. CARRYER, *Clawson, MI SSA Office Manager a/k/a Royal Oak, MI SSA Office Manager*; MS. CORONADO, *SSI Representative (a/k/a Systems Expert), Clawson, MI SSA Office*;

    *Defendants*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
(Doc. 15)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**II.    REPORT**

    **A.    Introduction**

Plaintiff Safiya A. Khalid filed a *pro se* complaint with exhibits comprising 105 pages and an application to proceed without prepayment of fees. (Doc. 1, 2.) On April 24, 2013, Plaintiff's application to proceed *in forma pauperis* was granted. (Doc. 5.) On the same date, the case was referred to the undersigned magistrate judge. (Doc. 7.)

Defendants filed the instant motion to dismiss on August 30, 2013. (Doc. 15.) Plaintiff moved for and was granted an extension of time in which to file a response. (Docs. 18, 19.) Plaintiff has since filed a series of motions, exhibits, amended exhibits (Docs. 23-26) and a response to the motion to dismiss. (Doc. 27.) I therefore suggest that the motion is ready for report and recommendation without oral argument pursuant to E.D. Mich. LR 7.1(f)(1).

### B. Motion Standards

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply

2

filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

    C.    **Complaint**

The Complaint "presents the following Religious and Racial Civil Rights Violations & Injunctive Relief Complaint claims and causes of action against the above-named Defendants, acting in their official capacities, and in their official capacity as SSA manager/supervisors/employees, agents, and successors in office." (Doc. 1 at 1-2.) Plaintiff seeks "recovery of unpaid monthly SSI/SSD financial funding to Plaintiff, including cost of living allowances; current unpaid medical bills between 2002-2013 over $25,000 dollars . . . ." (*Id*. at 2.) Plaintiff cites "Title VI of the Civil Rights Act prohibiting discrimination by government agencies that receive federal funds on the basis of race, color, national origin and sex." (*Id.*) Plaintiff also cites 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. (*Id*. at 3-4.)

Plaintiff avers that she "became both physically and mentally disabled in November 2001" and has been "Chronically Homeless." (*Id*. at 5.) Plaintiff states that she "has been a protected member of Islamic faith, as a practicing Muslim since 1973 and has dressed before and after September 11, 2001 in full Islamic dress with full hair coverings but not facial coverings . . . ." (*Id.*) Plaintiff further states that she "became a financial and partial medical recipient of the Social Security Administration in 2002." (*Id*. at 6.) Plaintiff avers that she "addressed her issues" with Defendants "related to her SSI/SSD Medicaid non-payments" and "ultimately discovered that the SSA had been deceptive and the SSA was responsible for sending the State of Michigan notice for issuing a Medicaid card and maintaining monthly eligibility, along with a corrected SSA issued red, white and blue Medicaid card, so that Plaintiff could not access medical services." (*Id*. at 8.) Plaintiff then began her "long contentious campaign of trying to correct Defendants' 'unusual' actions against her through letter writing, the filing of SSA administrative hearings THAT THE DEFENDANTS NEVER WOULD SCHEDULE TO ADDRESS 'THEIR' NEGATIVE AND

3

RETALIATORY ACTIONS AND THEIR IGNORING THE SERVICE OF UNREDACTED DOCUMENTS AND FILES RELATED TO THE PLAINTIFF." (*Id.* (emphasis in original).)

Plaintiff alleges that Defendant Carryer "subjected Plaintiff to overwhelming, unwelcomed, unprovoked, horrific, malicious, wilful, wanton, knowing and oppressive anger on the face of Co-Defendant Ms. Carryer, as she made Degrading Religious Comments, Terrorize[d] Plaintiff with her Intimidation, Badgered Plaintiff with Questions and Verbal Threats to Discontinue ALL financial and medical access." (*Id.* at 9.) Plaintiff explains that she was attacked by a Detroit police officer in 1973 and has seen "flashbacks" of that same action "on the face of Co-Defendant Carryer[.]" (*Id.*) Plaintiff adds that "for at least 22+ months, Plaintiff received written demands that she MUST sign-up for some unskilled work program that would generate minimal wage or sign up to enroll in a GED/undergraduate degree program" even though "Plaintiff had already secured a bachelors degree from Michigan State University and the gainful employment that Plaintiff used to have was special skilled making Plaintiff over-qualified for the 'standard retraining' methods." (*Id.* at 10.) Plaintiff reports that she complained about these actions by writing a letter dated March 11, 2013, to the SSA Commissioner and to Defendant Mosley. (*Id.* at 11.) On March 14, 2013, Plaintiff claims that Defendant Carryer "sent Plaintiff another threat letter demanding a medical re-examination in less than 10 days." (*Id.*)

When visiting the SSA office, Plaintiff alleges that "Co-Defendant Ms. Carryer caused/encouraged that first SSA employee to now feel very comfortable becoming EXTREMELY hostile . . . ," i.e., she "changed her facial expression to a stern frown with tight lips as she spoke to Plaintiff." (*Id.* at 12.) "Plaintiff was shocked but did NOT respond back in any like-kind behavior toward the first SSA employee . . . ." (*Id.*) Plaintiff indicates that she was not allowed to see Defendant Carryer but instead was deterred by a second SSA employee. (*Id.* at 13.) Plaintiff was again told she needed to complete a medical review before requesting a hearing. (*Id.* at 14.) Plaintiff indicates that Defendants are continuing to deny her an "'in-person hearing." (*Id.* at 15-16.)

4

Plaintiff sets forth the following counts based on the above facts: (1) discrimination based on religion and race (*id*. at 17-20); (2) violation of the right to petition the government and its departments for redress of grievances without prosecutorial retaliation (*id*. at 20-23); (3) violation of the protected right to due process (*id*. at 23-24); (4) violation of the right to not be subjected to Defendants' horrific behavior (*id*. at 24-26); and (5) injunctive relief. (*Id*. at 26-27.) Plaintiff also seeks "general, punitive, exemplary damages and/or compensatory damages . . . ." (*Id*. at 28.)

### D.     Analysis and Conclusions

Defendants attached to their motion declarations from Pat Herbst, Chief of Court Case Preparation and Review Branch of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (Doc. 15, Ex. A at Pg ID 167), and John H. Williams, SSI Program Expert in the Chicago Regional Office of the SSA. (*Id*., Ex. B at Pg ID 180.) According to these declarations, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") on March 12, 2002, and the administrative law judge ("ALJ") issued a favorable decision on both applications on January 7, 2005. Plaintiff has continuously received disability benefits since that time. (*Id*. at 9, Exs. A, B.)

The Herbst declaration states that in October 2007, Plaintiff's disability claim was scheduled for a medical continuing disability review ("CDR") and that Plaintiff was notified by the Clawson, Michigan, office on March 14, 2013, that she needed to complete the forms that were previously sent to her. Plaintiff was warned that if she did not complete the forms and return them, her disability benefits may be stopped. (*Id*. at 10, Ex. A.) On March 28, 2013, Plaintiff requested a hearing by an ALJ, and on June 7, 2013, an ALJ dismissed Plaintiff's request for a hearing. (*Id.*) Despite Plaintiff's failure to return the requisite medical review forms, Plaintiff's benefits have never been suspended or terminated. (*Id.*)

Defendants first argue that Plaintiff's claims under section 1983 should be dismissed because Defendants are federal, not state, actors. (*Id*. at 14-15.) Alternatively, they argue that even if Plaintiff's claims can be construed as *Bivens* claims, they should nonetheless be dismissed

5

because the SSA and individual defendants are sued in their official capacities. (*Id*. at 15-16.) Defendants also contend that Plaintiff's claim under Title VI should be dismissed because Title VI does not apply to religious discrimination and it cannot be used to sue for discrimination in programs directly maintained by federal agencies. (*Id*. at 17.) Defendants argue that to the extent Plaintiff's claims sound in tort, they should be dismissed because she has failed to present her claims first to the SSA, as required by the Federal Tort Claims Act ("FTCA"). (*Id*. at 17-20.) Finally, Defendants assert that Plaintiff cannot seek judicial review of the ALJ's dismissal of her hearing request because the relevant statutory scheme regarding review of social security administration decisions does not allow for such review. (*Id*. at 20-24.)

I first suggest that Defendants are correct that they are not subject to suit under section 1983 because they are neither state actors nor acting under color of state law. *See Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005). Even if the claims are construed as claims for damages brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),[1] I suggest that Plaintiff has not alleged that she suffered a specific injury as a result of the conduct of a particular defendant, nor has she asserted an affirmative link between the injury and the conduct of that defendant, as is required to state a civil rights claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). Here, Plaintiff has merely alleged that Defendant Carryer treated her rudely, displayed angry facial expressions, and encouraged unnamed others to do the same. This conduct is insufficient to state a constitutional violation. *See Logue v. U.S. Marshals*, No. 1:13-cv-348, 2013 WL 39883215, at *4 (S.D. Ohio Aug. 1, 2013) ("allegations of rude behavior and verbal harassment . . . simply do not rise to the level of a cognizable constitutional claim") (citing *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989)).

---

[1]A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

Nor is there any allegation that any of the defendants' conduct caused Plaintiff any injury. Plaintiff is receiving benefits and has not been subjected to any unusual procedural requirements. All persons receiving disability benefits are subject to CDRs and there is no evidence that Plaintiff was treated any differently than other recipients, except perhaps that she was treated more leniently than others since she has continued to receive her benefits despite her non-compliance.

I further suggest that since Plaintiff has not alleged any specific conduct at all by Defendants Coronado and Mosley, they are entitled to dismissal on this ground as well. Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). In addition, an assertion that a defendant failed to supervise an employee and/or did not sufficiently respond to the situation is insufficient to state a claim under section 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

In addition, it has long been held that an allegation of due process or other constitutional violation stemming from the administration of the CDR program does not state a civil rights claim addressable under section 1983 or *Bivens. See Schweiker v. Chillicky*, 487 U.S. 412, 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988); *Giese v. Sec'y of HHS*, 522 F.3d 697, 707-08 (6th Cir. 2008) (mishandling of social security claims). I therefore suggest that Plaintiff has failed to state a claim against Defendants.

To the extent that Plaintiff's complaint attempts to allege tort claims for emotional distress or the like, I suggest that any such claims must fail. The FTCA provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). However, in order for this Court to exercise jurisdiction over a

claim brought pursuant to the FTCA, a plaintiff seeking recovery must plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See McNutt v. General Motors Accept. Corp.*, 298 U.S. 178, 182, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980). In the absence of such compliance, a district court has no subject matter jurisdiction over a plaintiff's claim. *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983). In this case, Plaintiff has not pleaded facts to indicate that she presented an administrative claim prior to filing suit. Accordingly, I suggest that to the extent the complaint could be read to include a claim under the FTCA, this Court lacks subject matter jurisdiction.

For all these reasons, I suggest that Defendants' motion to dismiss should be granted and the case dismissed in its entirety.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

8

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
| Dated: November 19, 2013 | CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record and Plaintiff via the Court's ECF System.

Date:  November 19, 2013                                              By       s/Patricia T. Morris
                                                                                       Law Clerk to Magistrate Judge Binder

9