**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAFIYA A. KHALID,

                         Case No. 13-11729

         Plaintiff,             Hon. Gerald E. Rosen

                         Magistrate Judge Charles E. Binder

v.

SOCIAL SECURITY ADMINISTRATION, *et al.,*

         Defendants.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 21, 2014_____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On November 19, 2013, Magistrate Judge Charles E. Binder issued a Report and

Recommendation ("R & R") recommending that the Court grant the motion to dismiss

brought by the Defendant Social Security Administration and the three Defendant

employees of this federal agency, and that the complaint filed by *pro se* Plaintiff Safiya

A. Khalid be dismissed.  On December 3, 2013, Plaintiff filed objections to the R & R.

Having reviewed the Magistrate Judge's R & R, Plaintiff's objections, the parties'

submissions on Defendants' underlying motion, and the remainder of the materials in the

record, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R

in its entirety.

Plaintiff's rambling, 25-page objections to the R & R largely fail to challenge (or even address) the specific legal grounds for the Magistrate Judge's recommended rulings, but instead raise arguments that, even if accepted, would not undermine the Magistrate Judge's conclusions.  First, Plaintiff complains of difficulties she encountered with this District's electronic filing system, and she contends that the record upon which the Magistrate Judge issued the R & R was incomplete and inaccurate in certain respects. These objections are beside the point, however, where Defendants' underlying motion to dismiss was brought under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and focused strictly on the pleadings, and where the Magistrate Judge accepted the allegations of Plaintiff's complaint as true for purposes of resolving Defendants' motion.  Applying this standard of review, the Magistrate Judge determined that Plaintiff's claims are subject to dismissal on various legal grounds — including lack of state action that could give rise to a claim under 42 U.S.C. § 1983, failure to plead a constitutional violation, and failure to exhaust administrative remedies — that do not turn upon, or require examination of, the voluminous materials Plaintiff has placed into the record.  In any event, having independently reviewed this record, the Court is satisfied that it does not call into question the Magistrate Judge's analysis in the R & R.

Next, Plaintiff points to allegations and exhibits that, in her view, evidence wrongdoing by Defendants that exceeds and pre-dates the continuing disability review ("CDR") process that is the principal focus of Defendants' underlying motion to dismiss. Again, however, even assuming that Plaintiff's claims in this case are meant to

encompass alleged governmental misconduct beyond the efforts of the Defendant agency to assess and confirm Plaintiff's continued eligibility for Social Security benefits, these more expansive claims nonetheless would suffer from the very same legal defects identified in Defendants' motion and the Magistrate Judge's R & R — *i.e.,* failure to identify state action in support of a § 1983 claim, failure to plead a civil rights violation that could support a § 1983 claim or a claim pursuant to *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971), and failure to exhaust administrative remedies.  Accordingly, Plaintiff's lengthy recitation of the wrongs she allegedly has suffered over the years, whether at the hands of the Defendant agency and its employees or otherwise, does not provide a basis for disturbing the Magistrate Judge's analysis.

Finally, Plaintiff faults the Magistrate Judge for failing to identify any policy of the Defendant Social Security Administration that might support the statements in the R & R that Plaintiff "has not been subjected to any unusual procedural requirements" and that "[a]ll persons receiving disability benefits are subject to CDRs."  (R & R at 7.)  The requisite authority for a CDR, however, is expressly set forth in the regulations governing claims for Social Security benefits, which state in pertinent part:

> After we find that you are disabled, we must evaluate your impairment(s) from time to time to determine if you are still eligible for disability cash benefits.  We call this evaluation a continuing disability review.  We may begin a continuing disability review for any number of reasons including your failure to follow the provisions of the Social Security Act or these regulations.  When we begin such a review, we will notify you that we are reviewing your eligibility for disability benefits, why we are reviewing your eligibility, . . . , that our review could result in the termination of your benefits, and that you have the right to submit medical

and other evidence for our consideration during the continuing disability review . . . .  If this review shows that we should stop payment of your benefits, we will notify you in writing and give you an opportunity to appeal.

20 C.F.R. § 404.1589.[1]  In any event, the Magistrate Judge's observations regarding CDRs provide only an alternative basis for the dismissal of Plaintiff's civil rights claims, and these claims would be subject to dismissal on other grounds even in the absence of express regulatory support for the Defendant agency's effort to review Plaintiff's continuing eligibility for benefits.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 3, 2013 objections to the Magistrate Judge's November 19, 2013 Report and Recommendation are OVERRULED, and that the Magistrate Judge's R & R (docket #29) is ADOPTED as the ruling of this Court.  Accordingly, IT IS FURTHER ORDERED, for the reasons set forth in the R & R, that Defendants' August 30, 2013 motion to dismiss (docket #15) is GRANTED.  In light of this ruling, Plaintiff's October 31, 2013 motion to strike portions of the record and correct other portions of the record (docket #23) is DENIED AS MOOT, and Plaintiff's October 31, 2013 motion for an order regarding the

---

[1]As noted in the R & R and in Defendants' underlying motion, this CDR process has yet to be completed for Plaintiff, largely due to Plaintiff's refusal to fill out the forms needed by the Defendant agency to conduct this review.  While Plaintiff's CDR remains pending, she has continued to receive her Social Security benefits.  Notably, it is precisely because the CDR process is not complete and Plaintiff continues to receive her benefits that the Defendant agency has denied Plaintiff's recent requests for an administrative hearing — absent a determination that Plaintiff is no longer eligible for benefits, there is no decision to review in an administrative or judicial proceeding.

4

Court's jurisdiction (docket #24) likewise is DENIED AS MOOT.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated:  January 21, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 21, 2014, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5135